UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

METRO,

Petitioner,

v.

EXXON MOBIL CORP., SHELL PLC, F.K.A. ROYAL DUTCH SHELL PLC, SHELL U.S.A., INC., EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, BP PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., CHEVRON CORP., CHEVRON U.S.A., INC., CONOCOPHILLIPS, MOTIVA ENTERPRISES, LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP., SPACE AGE FUEL, INC., VALERO ENERGY CORP., TOTALENERGIES, S.E. F.K.A. TOTAL S.A., TOTALENERGIES MARKETING USA F.K.A. TOTAL SPECIALTIES USA, INC., MARATHON OIL COMPANY, MARATHON OIL CORP., MARATHON PETROLEUM CORP., PEABODY ENERGY CORP., KOCH INDUSTRIES, INC., AMERICAN PETROLEUM INSTITUTE, WESTERN STATES PETROLEUM ASSOCIATION, MCKINSEY & COMPANY, INC., MCKINSEY HOLDINGS, INC., and OREGON INSTITUTE OF SCIENCE AND MEDICINE,

Respondents.

Case No. 3:24-cv-00019-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

**FINDINGS**

In June of 2023, Multnomah County filed a lawsuit in Oregon state court against Exxon Mobil Corp., Chevron Corp., and a number of other companies connected to the fossil fuel industry, alleging claims under state law for public nuisance, negligence, trespass, and fraud. First Am. Compl. ¶¶ 1, 502–32, ECF 2-1, *Multnomah Cnty. v. Exxon Mobil Corp., et al.*, No. 3:23-cv-01213-YY (D. Or. Aug. 18, 2023). The suit alleges that those defendants executed "a scheme to rapaciously sell fossil fuel products and deceptively promote them as harmless to the environment, while they knew that carbon pollution emitted by their products into the atmosphere would likely cause deadly extreme heat events like that which devastated Multnomah County in late June and early July 2021." *Id.* ¶ 1. The Multnomah County case is one of more than 25 similar cases filed since 2017 by municipalities or other local government bodies around the country against companies that produce, market, or distribute fossil fuels. *See, e.g.*, *Cnty. of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934 (N.D. Cal. 2018); *Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538 (D. Md. 2019). Defendant Exxon removed the Multnomah County case to this court, Multnomah County filed a motion to remand, and discovery was stayed while the motion to remand was pending. Not. Removal, ECF 1; Mot. Remand, ECF 98; Order (Dec. 18, 2023), ECF 148, *Multnomah Cnty.*, No. 3:23-cv-01213-YY.

Petitioner Metro is a "metropolitan service district" encompassing Multnomah, Washington, and Clackamas Counties, and is considering bringing a similar lawsuit against a similar group of defendants. Mot. Remand 5, ECF 69. In December of 2023, on the same day that discovery was stayed in the Multnomah County case, Metro filed a petition to perpetuate the testimony of Martin Hoffert, Ph.D, under Oregon Rule of Civil Procedure ("ORCP") 37 in Multnomah County Circuit Court. *See* ECF 2-1. That rule allows for certain discovery to occur

before a lawsuit is filed. ORCP 37A. According to the petition, Dr. Hoffert, who previously worked as a consultant for what is now known as Exxon Mobil, is in poor health, and Metro believes his testimony is "uniquely important" to Metro's "prospective litigation." Petition 3–4, ECF 2-1.

Respondent Exxon removed Metro's ORCP 37A petition to this court, on the basis it is a "civil action" that is removable under 28 U.S.C. § 1441(a). Not. Removal 11–12, ECF 1. Currently pending is Metro's motion to remand the petition back to state court, ECF 69, which should be granted for the reasons explained below.

**I. Motion to Remand Standard**

Federal courts have limited jurisdiction, generally encompassing actions based on complete diversity between the parties or those presenting a federal question. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. §§ 1331, 1332. The plaintiff "has the choice of pleading claims for relief under state or federal law (or both)," and also the choice of filing its suit in federal or state court. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). If the plaintiff's claims give rise to jurisdiction in either state or federal court and the plaintiff elects to file the suit in state court, the defendant may remove the action to federal court under the general removal statute, 28 U S.C. § 1441. *See also id*.

The removal statute is strictly construed, and the party asserting removal jurisdiction has the burden of overcoming the strong presumption that a cause is not removable. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."); *Hansen*, 902 F.3d at 1057 ("We must exercise prudence and restraint when assessing the propriety of removal because determinations

about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system.") (simplified).

## II. Discussion

The current motion to remand presents a single question: whether a petition to perpetuate testimony under Oregon Rule of Civil Procedure 37 is removable to this court as a "civil action" under 28 U.S.C. § 1441(a). Federal law controls whether a state court action is a "civil action" within the meaning of the removal statute. *Quinn v. Book Named "Sixty Erotic Drawings From Juliette"*, 316 F. Supp. 289, 292 (D. Mass. 1970) (citing *Commissioners of Road Improvement District v. St. Louis S.W. Ry. Co.*, 257 U.S. 547, 557-558 (1922)). While a state court decision "as to the nature of a proceeding under state statutes sought to be removed is, of course, very persuasive, it is not controlling[.]" *St. Louis S.W. Ry.*, 257 U.S. at 558. ORCP 37 allows a person to file a petition "to perpetuate testimony or to obtain discovery to perpetuate evidence . . . regarding any matter that may be cognizable in any court of this state[.]" The petition must show, in relevant part, that the petitioner is "likely to be a party to an action cognizable in a court of this state and [is] presently unable to bring such an action or defend it," the "subject matter of the expected action," and the names of those the "petitioner expects will be adverse parties." ORCP 37A. Plainly, the statute applies where an "action," at least as a matter of state law, has not yet begun, though there does not seem to be any case that specifically analyzes whether ORCP 37A is itself a "civil action" under Oregon law.

There is no controlling Ninth Circuit case law on point, but a sizable majority of federal courts to consider the issue have determined that a petition for pre-suit discovery brought in state court under state rules of civil procedure is not removable as a civil action under 28 U.S.C. § 1441(a). *E.g.*, *Teamsters Loc. 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, 906 F.3d 260,

267 (2d Cir. 2018); *Capps v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-00572-CWR-LRA, 2014 WL 10475644, at *3 (S.D. Miss. Sept. 29, 2014); *Young v. Hyundai Motor Mfg. Alabama, LLC*, 575 F. Supp. 2d 1251, 1254 (M.D. Ala. 2008) (collecting cases). In this district, there is one previous decision holding that similar pre-suit investigative procedures under state law were not considered a civil action for removal purposes. *State ex rel. Myers v. Portland Gen. Elec. Co.*, No. 3:04-cv-03002-HA, 2004 WL 1724296, at *2 (D. Or. July 30, 2004) ("Although the term 'civil action' as defined by 28 U.S.C. § 1441(a) is not necessarily limited to traditional civil complaints, it does not encompass the present matter. The current investigative proceedings cannot expose [the defendant] to monetary damages or equitable relief unless the Attorney General files a civil action, which may be removed to this court to determine whether complete preemption applies."). Respondents provided a small collection of cases that found a pre-suit petition to perpetuate testimony was removable. Not. Removal 13–17, ECF 1 (citing *Kelly v. Whitney*, No. 3:98-cv-00030-HU, 1998 WL 877625, at *2 (D. Or. Oct. 27, 1998); *Cong v. ConocoPhillips Co.*, No. 4:12-cv-01976, 2016 WL 6603244, at *1 (S.D. Tex. Nov. 8, 2016); *In re Texas*, 110 F. Supp. 2d 514, 522 (E.D. Tex. 2000)). However, the majority of cases finding that pre-suit perpetuation petitions are not removable are better grounded in the language of the removal statute, 28 U.S.C. § 1441, as well as the background principles animating the analysis of removal jurisdiction.

Section 1441 plainly states that only a "civil action" may be removed:

> Except as otherwise expressly provided by Act of Congress, *any civil action* brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed* by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Other subsections of section 1441 use only the term "civil actions" in authorizing removal under particular circumstances. *See* 28 U.S.C. § 1441(b) (describing when a "civil action is removable" on the basis of diversity of citizenship); *id*. § 1441(c)(1) (permitting when an "entire action" may be removed "[i]f a civil action includes" federal and state law claims); *id.* § 1441(d) (allowing "[a]ny civil action brought in a State court against a foreign state" to be removed); *id.* § 1441(e)(1) (addressing removal of "a civil action" in the context of "multiparty, multiforum" jurisdiction).

Respondents argue that because other statutes relating to removal use the term "proceeding," this means that the term "civil action" in section 1441 should be broadly construed to encompass an ORCP 37A petition. Resp. 7–9, ECF 94. Respondents cite section 1446(b), which sets out the procedures that must by followed to effect removal and provides among other things that the "notice of removal of a civil action or proceeding" must be filed within a certain timeline. Respondents also rely on Section 1442, which generally allows removal of any "civil action or criminal prosecution that is commenced in a State court" against a federal officer or agency. *See City of Oakland v. BP PLC*, No. 22-16810, 2023 WL 8179286, at *2 (9th Cir. Nov. 27, 2023). That section contains a specific definition for "civil action" that uses the word proceeding:

> (d) In this section, the following definitions apply:
>
> (1) The terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued.

28 U.S.C. § 1442(d)(1).

Neither section 1446(b) nor section 1442 provides a basis for concluding that the term "civil action" in section 1441 should be broadly construed to encompass a pre-suit perpetuation

petition as respondents assert. For one, it would be improper to overlook that Congress specifically used the narrower term "civil action" when defining the *type of action* that falls under the general removal provision in section 1441 and used the phrase "civil action or proceeding" when describing the *procedures* for removal in section 1446. Use of the narrower term "civil action" in section 1441 necessarily requires that other "proceedings" are not included. *See Gallardo By & Through Vassallo v. Marstiller*, 596 U.S. 420, 431 (2022) ("[W]e must give effect to, not nullify, Congress' choice to include limiting language in some provisions but not others[.]").

"Moreover, a careful reading of § 1446 suggests that the stray references to 'proceeding[s]' cannot have been intended to expand the reach of matters removable to federal court as defined in § 1441." *Teamsters*, 906 F.3d at 266. As the Second Circuit convincingly explained:

> Tellingly, the term "proceeding" is used (twice) only in § 1446(b), which addresses the time limit for filing a notice of removal in a civil case. But § 1446(a), which opens the section governing removal procedures and defines the necessary contents of the notice of removal, refers only to the removal of "any *civil action* or criminal prosecution." (Emphasis added). When, after a subsection devoted to removal of criminal cases, the statute returns to the next step in a removed civil case, the provision of notice to the parties in the case, it again refers to what must be done "[p]romptly after the filing of such notice of a removal of a *civil action*," omitting the word "proceeding." 18 U.S.C. § 1446(d) (emphasis added). Such an inconsistent and stray use of a term, "proceeding," not found elsewhere in the chapter of Title 28 that deals with removal, cannot have been intended to expand the scope of the provision, § 1441, which was deliberately designed to define the scope of removal.

*Id.*

The same is true with respect to the separate definition of "civil action" contained in the federal officer removal statute at section 1442. There, Congress specifically stated that the

expanded definition was for "this section," indicating that Congress understood that the term "civil action" as used in other sections meant something different. Furthermore, it is well-established that section 1441 is strictly construed against removal. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). By contrast, section 1442 is interpreted broadly in favor of it. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *see also State of Colorado v. Symes*, 286 U.S. 510, 517 (1932) (explaining that federal officer removal was "enacted to maintain the supremacy of the laws of the United States by safeguarding officers . . . against peril of punishment for violation of state law," and thus it "scarcely need be said that such measures are to be liberally construed to give full effect to the purposes for which they were enacted"). It would be wrong then to import into section 1441 the broader definition of "civil action" from section 1442, not only because the plain text of section 1442 directs otherwise, but because of the different roles that general removal and federal officer removal play in the federal system. *See Durham*, 445 F.3d at 1252–53 (explaining that federal officer removal is of critical importance in part because it "vindicates . . . the interests of government itself; upon the principle that it embodies 'may depend the possibility of the general government's preserving its own existence.' ") (quoting *Bradford v. Harding,* 284 F.2d 307, 310 (2d Cir. 1960).

Respondents' position also is inconsistent with the mandate to construe the general removal statute narrowly and resolve any doubt in favor of remand to state court. *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Because an ORCP 37A petition necessarily arises before an action is commenced, it is unclear precisely what claims would be at issue or which parties would be involved in Metro's anticipated lawsuit. As such, evaluating the court's subject matter

jurisdiction is a speculative exercise. *See Teamsters*, 906 F.3d at 260 ("The nebulous nature of potential claims and parties in the hypothetical future action to which the [pre-suit discovery] petition relates puts district courts in the difficult situation of determining subject matter jurisdiction without adequate pleadings to assess."); *Young*, 575 F. Supp. 2d at 1255 (finding that pre-suit discovery petition was not removable in part because "the likely parties to [the anticipated] action are not entirely clear, making diversity jurisdiction over the contemplated action speculative. The court finds this kind of judicial fortune-telling inconsistent with the court's duty to remand where jurisdiction is not absolutely clear.").

Respondents attempt to downplay the speculative nature of the circumstances here, and assert that there should be some distinction between cases like *Teamsters,* in which respondents characterize the pre-suit discovery petition as being directed at "investigating potential claims" and the present matter, which respondents characterize as seeking to perpetuate testimony for "identified claims." *See* Resp. 16–20, ECF 94. Respondents note that the claims and parties in Metro's anticipated lawsuit are essentially the same as those in the Multnomah County case and other climate change lawsuits filed around the nation, and Metro and Multnomah County are represented by largely the same group of attorneys. Resp. 2, ECF 94. This overlap, according to respondents, should make the petition removable under section 1441.

There is no distinction between "potential" and "identified" claims in ORCP 37A or in the many cases ruling that such pre-suit discovery petitions are not removable. *See Teamsters*, 906 F.3d at 264 (explaining that the New York statute that allowed pre-suit discovery "to aid in bringing an action, to preserve information or to aid in arbitration" was not a "civil action" under section 1441). Moreover, it is not clear how the court could fashion a rule that would guide the analysis of determining when a claim is merely "potential" and when it has ripened into an

"identified claim." *See In re Enable Com., Inc.*, 256 F.R.D. 527, 531 (N.D. Tex. 2009) (" 'Under *Erie,* federal courts apply state substantive law to any issue or claim which has its source in state law. Yet, federal law, rather than state law, invariably governs procedural matters in federal courts' " and because a pre-suit discovery petition "proceeding is by nature procedural (it arises under a [state] *procedural* rule), the law to be applied after removal is unclear.") (emphasis in original) (citation omitted).

Even if the claims that Metro may bring can actually be "identified" based on their likely similarity to those raised in the Multnomah County case or any of the other climate change cases filed around the country, the question whether this court actually has subject matter jurisdiction over those "identified claims" is a debatable proposition in its own right, and whatever debate remains may be nearing its end. *See* Findings and Recommendations (April 10, 2024), *Multnomah Cnty*, No. 3:23-cv-01213-YY (recommending that the Multnomah County case be remanded to state court because the defendants there failed to show that the non-diverse defendant in that case was fraudulently joined and thus this court lacked diversity jurisdiction); *City & Cnty. of Honolulu v. Sunoco LP*, No. 1:20-cv-00163-DKW-RT, 2021 WL 839439, at *2 n.3 (D. Haw. Mar. 5, 2021) (explaining that in "all the cases involving subject matter similar to that here, Defendants have achieved one, fleeting success on the issue of removal" which was later reversed). Thus, even if the court were to "identify" the claims Metro may bring based on the assumption they would be at least substantially similar to those raised in *Multnomah County* or other climate change suits, the defendants have so far struck out in their attempts to bring those claims to federal court and a "batting average of .000" does not strongly suggest another swing at Metro's presumptively identified claims will net a different result. *Honolulu*, 2021 WL 839439 at *2 n.3.

Finally, ORCP 37 already provides an opportunity for respondents to argue on the merits to an Oregon state court that the petition should be denied on these grounds. As mentioned above, ORCP 37A requires the petitioner to show that it is "presently unable to bring such an action" before pre-suit discovery is allowed. Oregon courts are fully competent to consider whether the petition to perpetuate Dr. Hoffert's testimony should be denied because Metro is, as respondents assert, trying to gain some "tactical advantage by seeking discovery in a state court" when Metro could have and should have simply filed a complaint. Not. Removal 3, ECF 1.

None of the cases that respondents cite in support of its position change this analysis. The decision in *Kelly v. Whitney* does not even mention section 1441, much less analyze whether the ORCP 37 petition filed by a *pro se* plaintiff was actually removable. 1998 WL 877625 at *1–2, This court will not now speculate some 25 years after the fact as to why that issue was not raised or whether the district judge made an unspoken decision about the court's subject matter jurisdiction over that case. *See* Resp. 14, ECF 94 (asserting that silence on the issue must have meant that the court "saw no issue with exercising subject-matter jurisdiction over the ORCP 37 pre-suit petition").

The court in *In re Texas* found that a pre-suit discovery petition was removable. 110 F. Supp. 2d at 522–23. The procedural facts of that case are too complicated and too far removed from the relevant facts on which the determination here relies to warrant a detailed exposition. In short, the case involved a petition "that was filed after the much-publicized federal lawsuit that the former Texas Attorney General filed against the tobacco industry to hold them accountable for the deaths and sickness of thousands of Texans, attributable to cigarettes." *In re Highland Cap. Mgmt., L.P.*, No. 3:19-bk-34054-sgj11, 2022 WL 38310, at *7 (Bankr. N.D. Tex. Jan. 4, 2022) (discussing *In re Texas*). "[T]here were many disputes in the federal district court

regarding this matter for some time." *Id.* The district court found that the petition was accompanied by "among other things, . . . pleadings, judicial determinations, and relief is sought," and thus had "all the qualities of a civil action," and then determined that it had subject matter jurisdiction over the underlying matter based on the All Writs Act. *In re Texas*, 110 F. Supp. 2d at 522–23, 524, 526–27. The Fifth Circuit reversed, solely on the district court's error in concluding that the All Writs Act triggered the court's subject matter jurisdiction. *Texas v. Real Parties in Interest*, 259 F.3d 387, 388–89 (5th Cir. 2001). In so doing, the Fifth Circuit sounded the same themes that most other federal courts have used when finding that petitions for pre-suit discovery are not removable as "civil actions" under section 1441:

> Even accepting the remote proposition that removal still can be proper under the All Writs Act in the face of "extraordinary circumstances," and further accepting that the procedural requirements for removal under § 1441 pose no barrier to the use of the All Writs Act to bring a state court matter into federal court, the Rule 202 proceeding in this case clearly does not present such facts or circumstances. The proceeding is only an investigatory tool. Both the State and Private Counsel can only speculate as to the eventual outcome of the probe. This pending state court action over which the district court exercised § 1651 jurisdiction ultimately may or may not pose an actual threat to the federal tobacco settlement. The investigation could lead to no further action, or it could result in a cause of action not contemplated or covered by the settlement agreement; or, indeed, it may lead to the institution of a cause of action for which the invocation of, at least, the injunctive powers of the All Writs Act would be timely and appropriate. In any event, the federal courts cannot preclude the State of Texas from *investigating* potential claims in the milieu of the Texas courts—pursuant to Texas law—unless and until such investigation poses an actual threat to the settlement agreement. Private Counsel's claim that such a threat exists is premature.

*Id.* at 394–95 (footnote omitted). The continued vitality, then, of the district court's reasoning in *In re Texas* regarding the removability of a pre-suit discovery petition is questionable at best. Moreover, in that case there was no dispute that the related case belonged in, and in fact was

litigated to a final judgment in federal court. *See id.* at 388. Respondents do not have a similarly strong connection to an existing federal case.

Finally, the district court's decision in *Cong*, 2016 WL 6603244 at *1, that a pre-suit discovery petition was removable is devoid of any meaningful discussion of how to interpret or apply the removal statute, the presumption that cases lie outside of a federal court's removal jurisdiction, or any of the other principles set out above that have caused the overwhelming majority of federal courts to find that such petitions are not removable. This court will not deviate from a such a well-worn path without clearer markers to light the way.

**RECOMMENDATIONS**

Petitioner's Motion to Remand [69] should be granted and this matter should be remanded to Multnomah County Circuit Court.

**SCHEDULING ORDER**

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Wednesday, April 24, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

//

//

//

//

//

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED April 10, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge