IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| METRO,<br><br>        Petitioner,<br>v.<br><br>EXXON MOBIL CORPORATION, SHELL PLC, SHELL USA, INC., EQUILON ENTERPRISES LLC d/b/a SHELL OIL PRODUCTS US, BP PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., CHEVRON CORP., CHEVRON U.S.A., INC., CONOCOPHILLIPS, MOTIVA ENTERPRISES LLC, OCCIDENTAL PETROLEUM, SPACE AGE FUEL, INC., VALERO ENERGY CORPORATION, TOTALENERGIES SE, TOTAL ENERGIES MARKETING USA, INC., MARATHON OIL COMPANY, MARATHON OIL CORP., MARATHON PETROLEUM CORP., PEABODY ENERGY CORP., KOCH INDUSTRIES, INC., AMERICAN PETROLEUM INSTITUTE, WESTERN STATES PETROLEUM ASSOCIATION, MCKINSEY AND COMPANY, INC., MCKINSEY HOLDINGS INC., and OREGON INSTITUTE OF SCIENCE AND MEDICINE,<br><br>        Respondents. | Case No.: 3:24-cv-00019-YY<br><br>OPINION & ORDER |

**Adrienne Nelson, District Judge**

        United States Magistrate Judge Youlee Yim You issued her Findings and Recommendations ("F&R") in this case on April 10, 2024, recommending that this Court grant petitioner's Motion to Remand to State Court. Respondents timely filed objections, to which petitioner responded. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d).

        A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). When a magistrate judge issues

1

a findings and recommendation related to a dispositive motion and a party files objections, "the court shall make a de novo determination of those portions of the report." *Id.*  However, if the magistrate judge's findings and recommendation are related to a non-dispositive matter and a party files objections, the district judge may reject the determinations *only* if the magistrate judge's order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  If no objections are filed, then no standard of review applies.  However, further review by the district court *sua sponte* is not prohibited.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

## DISCUSSION

Petitioner Metro, a "metropolitan service district" encompassing Multnomah, Washington, and Clackamas Counties, is considering bringing a lawsuit similar to that brought by the County of Multnomah against a number of companies associated with the fossil fuel industry.  In December of 2023, Metro filed a petition in Multnomah County Circuit Court to perpetuate the testimony of Martin Hoffert, Ph.D., under Oregon Rule of Civil Procedure ("ORCP") 37.  That rule allows for certain discovery to occur before a lawsuit is filed.  Respondent Exxon Mobil Corporation removed Metro's petition to this court, on the basis that it is a "civil action" removable under 28 U.S.C. § 1441(a).  Not. Of Removal, ECF [1], at 11-12.

After evaluating petitioner's motion to remand, Judge You recommended granting the motion and remanding the matter to Multnomah County Circuit Court.  Respondents timely filed objections to the F&R on the following bases: (1) the F&R erred in its analysis of the meaning of "civil action"; (2) the F&R erred in concluding that an ORCP 37 petition is never removable; and (3) the F&R is inconsistent with most applicable case law.  These objections are addressed in turn.

A.  **Scope of "Civil Action"**

First, respondents argue that the F&R erred in its interpretation of the meaning of the phrase "civil action" in § 1441(a).  Respondents contend that the phrase should be construed broadly because it

contains no limitation as to the type or form of action that may be removed, so long as the action is "civil" in nature. As evidence, respondents point to 28 U.S.C. §§ 1446(g) and 1442(d).

Section 1446(g) clarifies deadlines for civil actions or criminal prosecutions removed pursuant to § 1442(a) that are "a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced[.]" Section 1442 applies only to the removal of civil actions or criminal prosecutions that are brought against certain government agents or entities. Section 1442(d)(1) defines, for the purposes of that section, the phrase "civil action" as "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued."

In respondents' views, these removal provisions demonstrate a congressional intent to clarify that the meaning of "civil action" includes requests for testimony or documents. The Court disagrees. Respondents assert that because the term "civil action" is used throughout the removal statutes, Congress was "not attempting to restrict the type of proceeding that qualifies as a 'civil action'" when providing the definition in § 1442(d). Resps.' Objs., ECF [131], at 9. On the contrary, the definition for "civil action" provided in § 1442(d)(2) is expressly limited to that section, indicating that this broader understanding of the term is constrained to actions removed pursuant to § 1442. *See* 28 U.S.C. § 1442(d) ("In *this section*, the following definitions apply[.]" (Emphasis added.)). Although respondents argue that the definition should not be limited to § 1442, they provide no explanation for why, if Congress intended this broader definition to apply to the removal statutory scheme more generally, it chose to explicitly limit the scope of the definition to § 1442.

Respondents, however, maintain their position, arguing that Ninth Circuit precedent has interpreted the term "civil action" broadly. Yet, one of the cases cited by respondents demonstrates the problem with this assertion. In *Nationwide Investors v. Miller*, the Ninth Circuit explained that "civil action" is interpreted broadly in the context of a *§ 1442 removal* because "[t]he form of the action is not controlling; it is the state's power to subject federal officers to the state's process that § 1442(a)(1) curbs." 793 F.2d 1044, 1047-48 (9th Cir. 1986). Indeed, § 1442 is the exception to the general rule that the removal

3

statutes should be "strictly construed." *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (distinguishing removal under § 1442 from general rule that "removal statutes are to be strictly construed"). The specific nature of cases removable under § 1442 is precisely why "civil action" is defined more broadly for this section. That does not, however, provide a basis for defining "civil action" so broadly in the other removal statutes, particularly when this Court must strictly construe removal based on § 1441.

Respondents next argue that the legislative history and Federal Rules of Civil Procedure support a broad interpretation of "civil action." As evidence, respondents point to the Historical and Revision Notes to § 1441, which state:

> "Phrases such as 'in suits of a civil nature, at law or in equity,' the words 'case,' cause,' 'suit,' and the like have been omitted and the words 'civil action' substituted in harmony with Rules 2 and 81(c) of the Federal Rules of Civil Procedure."

Resps.' Objs. 10. Respondents then argue that because Federal Rule of Civil Procedure ("FRCP") 2 states that "[t]here is one form of action—the civil action," all actions or proceedings set forth in the rules, including FRCP 27 (the federal analogue of ORCP 37), are necessarily civil actions. Neither reference provides the support that respondents allege.

The legislative history makes no mention of pre-suit discovery or FRCP 27. Nor does it, or FRCP 2, imply that because "actions" are "civil actions" for purposes of the federal rules, that it necessarily follows that all *proceedings* discussed in the federal rules are also civil actions. Indeed, FRCP 1 expressly distinguishes civil actions from proceedings by stating that the rules govern "the procedure in all civil actions *and proceedings* in the United States district courts[.]" (Emphasis added.) Further, respondents fail to acknowledge that Rule 27(a), the governing federal rule for petitions seeking pre-suit discovery, routinely references an *expected* action. Nowhere in Rule 27(a) does the inference arise that a petition submitted under this rule, in and of itself, would constitute an "action" within the meaning prescribed by Rule 2.

Finally, respondents' argument that Local Rule 3-4(c) establishes that a petition for pre-suit discovery initiates a civil action is simply incorrect. Local Rule 3-4(c) states, "A completed JS-44 Civil Cover Sheet is required to be filed with every civil complaint, petition, or other paper that initiates a civil

action." Respondents contend that a pre-suit petition for discovery, thus, must be a civil action. However, under Local Rule 27-1(1), a party seeking to perpetuate testimony before an action is filed must file only "a verified petition and proposed order." The rule makes no mention of a JS-44 Civil Cover Sheet. Upon receipt of these materials, a "miscellaneous case" is opened—not a civil action. Local R. 27-1(2).

In short, the plain language of the statute and applicable caselaw demonstrates that the meaning of "civil action" in § 1441 should not be construed as broadly as respondents request. Nor do respondents' other proffered arguments sway the finding that "civil action," as stated in § 1441, does not encompass the ORCP 37 petition presently before the Court.

**B.     Removability of ORCP 37 Petitions**

Respondents argue that the F&R erred by adopting a "categorical rule that no pre-suit petition could ever constitute a removable civil action." Resps.' Objs. 15. Yet, the F&R aptly addressed respondents' argument that the petition seeks to perpetuate testimony for "identified claims" by highlighting the difficulty of fashioning a rule that could distinguish "potential" claims from "identified" claims. F&R, ECF [129], at 8-9. The F&R then demonstrated that difficulty within the present facts, emphasizing that even if Metro's potential claims could be "identified," it was questionable whether this Court would have subject matter jurisdiction over those claims. *Id.* at 9. Such an analysis is not a categorical rule that pre-suit petitions can never constitute a removable civil action. Rather, it provides a comprehensive explanation as to why the pre-suit petition in this case does not constitute a removable civil action.

Although respondents maintain that *In re Texas*, 110 F. Supp. 2d 514 (E.D. Tex. 2000), provides a more persuasive removability analysis, the Court is unconvinced. This case presents no precedential authority, and it is unclear the extent of its persuasive value given the Fifth Circuit's subsequent overruling of the district court's decision that removal was proper under the All Writs Act. *Texas v. Real Parties in Interest*, 259 F.3d 387, 394-95 (5th Cir. 2001). Indeed, the Fifth Circuit made no explicit findings as to whether the district court properly found that the Rule 202 proceeding was a "civil action" for purposes of § 1441. Additionally, the factual dissimilarities between *In re Texas* and the present case only serve to further lessen its persuasive value. For example, the parties in *In re Texas* had litigated a separate lawsuit

5

in federal court to settlement, indicating the existence of an actual, preexisting controversy between the parties. 110 F. Supp. 2d at 517-18. No similar circumstances exist here—there is no preexisting controversy between Metro and respondents. While there is an existing case between Multnomah County and respondents, respondents have identified no existing cases between Metro and respondents.

**C.     Applicable Case Law**

Finally, respondents argue that the F&R comes to a result that is inconsistent with other relevant cases. First, respondents reference *Kelly v. Whitney*, a 1998 case in which a *pro se* petitioner brought an ORCP 37 petition against employees of the Internal Revenue Service. No. 98-30-HU, 1998 WL 877625, at *1 (D. Or. Oct. 27, 1998). The respondents removed the petition under 28 U.S.C. § 1442. *Id.* This fact alone explains why the removability of the petition was not discussed. As already discussed at length, § 1442 encompasses a broader scope of removable actions because of the nature of the cases subject to § 1442. For the purposes of § 1442, "civil action" includes proceedings involving "a judicial order, including a subpoena for testimony or documents[.]" No discussion of whether the petition in *Kelly* constituted a "civil action" was necessary because, under the plain language of § 1442 and the specific circumstances of the case, the petition was a civil action. This case provides no insight or guidance into whether an ORCP 37 petition is a "civil action" for purposes of § 1441—a statute with a far more limited scope and a more stringent standard for removability.

Second, respondents argue that *State ex rel. Myers v. Portland General Electric Co.*, No. 04-CV-3002-HA, 2004 WL 1724296 (D. Or. July 30, 2004), establishes that whether an ORCP 37 petition is a civil action depends on whether it seeks to perpetuate testimony or merely investigate a potential lawsuit. However, this case did not involve an ORCP 37 petition—it involved a Civil Investigative Demand ("CID"), a subpoena issued pursuant to statutory authority. *Id.* at *1. Although respondents interpret this case as meaning the CID was not a civil action because there was "no indication in *Myers* that a cognizable claim existed, nor whether an eventual lawsuit would ever be filed," Resps.' Objs. 32, this is at odds with the plain language of the opinion. The court in *Myers* determined that CIDs are not independent civil actions because "'the applicability of the [Oregon Unlawful Trade Practices Act] to the conduct of the

recipient of an investigative demand is not subject to judicial determination at the investigative stage.'" 2004 WL 1724296, at *2 (quoting *State ex rel. Kulongoski v. Cunning*, 912 P.2d 9558, 959 (1996)). Similarly, the ORCP 37 petition at issue in this case does not require a judicial determination as to the merits of any of Metro's anticipated or potential claims. Further, the court in *Myers* remanded the action in part because the proceedings could not expose the respondent to "monetary damages or equitable relief unless the Attorney General file[d] a civil action." *Id.* Similarly, Metro's petition, standing alone, will not expose respondents to monetary damages or equitable relief. Thus, under *Myers*, the petition does not constitute a civil action.

Third, respondents argue that the decision in *Cong v. ConocoPhillips Company*, No. H-12-1976, 2016 WL 6603244 (S.D. Tex. Nov. 8, 2016), establishes that the petition is removable because it plainly mirrors proceedings pending in federal court. Again, the Court disagrees. As stated by the F&R, this case contains no "meaningful discussion of how to interpret or apply the removal statute, [or] the presumption that cases lie outside of a federal court's removal jurisdiction[.]" F&R 13. Further, the petitioners in *Cong* admitted to having already sued the respondents in China, evidencing a present controversy between the parties. 2016 WL 6603244, at *2. No such controversy exists in the present case.

In short, granting the motion to remand is not inconsistent with relevant caselaw. Indeed, remanding this case is entirely consistent with the relevant precedent and authority from the Ninth Circuit.

## CONCLUSION

Upon review, the Court ADOPTS the F&R, ECF [129], as its own opinion. Plaintiff's Motion to Remand to State Court, ECF [69], is GRANTED. This case is remanded to the Multnomah County Circuit Court.

IT IS SO ORDERED.

DATED this 25th day of June, 2024.

Adrienne Nelson
United States District Judge